v.

STATE of Oklahoma, Appellee.

No. J–87–540.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1987.

L. Jack Barton, Asst. Dist. Atty., Marietta, for appellant.

Kenneth L. Delashaw, Marietta, for appellee.

## OPINION

BUSSEY, Judge:

J.S.C., a juvenile, was charged with three counts of Avoiding a Road Block in the District Court of Love County Case No. JFJ-86-7. The court after hearing evidence determined J.S.C. should not be certified as an adult. It is from this determination that the State appeals.

Briefly stated the facts of this case are that J.S.C., while allegedly intoxicated, evaded three separate road blocks and was subsequently arrested.

J.S.C. then petitioned the District Court for a certification hearing. J.S.C. underwent three psychological evaluations as a result of the petition for certification. The court reviewed the record and the evaluations and heard testimony about J.S.C.'s ability to be rehabilitated by the juvenile system. The court determined J.S.C. was amenable to rehabilitation within the juvenile system; however, the court ordered him to undergo in-house psychiatric treatment.

In its only assignment of error the State argues that the trial court's ruling is contrary to the law and evidence presented in the case. We find this argument wholly unpersuasive for two reasons.

First, the State failed to cite any authority in support of its contention. This Court has repeatedly held that we will not search the books for authority to support a defendant's argument on appeal, and in the absence of relevant authority, we will not consider the argument. *Sullivan v. State*, 716 P.2d 684 (Okl.Cr.1986).

Second, 10 O.S.1981, § 1112 clearly states that the determination whether to certify a juvenile as an adult is within the discretion of the trial court. Finding no clear abuse of discretion, this assignment of error is without merit.

For those reasons, the decision of the trial court is AFFIRMED.

BRETT, P.J. and PARKS, J., concur.